RECEIVED

JUL 21 2020

BY MAIL

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

AKIRA EDMONDS, §

PLAINTIFF, §

-VS- § Case No. 4:20-cv-00946 SNLJ

CORIZON MEDICAL SERVICES, §
D. MEYER, DIR. OF CORIZON §
MED. SERV., J. COFELD, §
DIR. OPP. CONST. SERV., T. §
BREDEMAN, ASSOC. REG. MED. §
DIR., JOHN DOE, D.O.C. MD., §
D. WADE, BSN/RN/CCHP., §
A. RENEE, RN., A. CHADA §
MD., SMOTHERMAN, NURSE §
PRACTITIONER, K. BARTON §
RN/DON, STEVENSON, MD., T. §
CROUCH NURSE PRACTITIONER, §
P. ALLEN RN/DON, R. OAKLEY §
ASST. DON, A. PRECYTHE, §
DIR. MO.D.O.C., M. BUCKNER §
WARDEN SOUTH CENTRAL CORR.
CENT., AND D. REDINGTON §
WARDEN, NORTHEAST CORR. §
CENT. §

DEFENDANTS. §

COMPLAINT

COMES NOW, plaintiff Akria Edmonds, pro se, and states

the following in support of his complaint:

PRELIMINARY STATEMENT

1. This is a civil action for violation of civil rights (cruel and unusual punishment and improper medical assistance) under the provisions of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

JURISDICTION AND VENUE

2. Plaintiff is a citizen of the United States of America and a resident of the State of Missouri.

3. Upon information and belief, defendant Corizon Medical Services, ("Corizon") is a domestic corporation, which has contracted to provide general health care services to inmates incarcerated in Missouri Department of Corrections ("D.O.C.") facilities throughout the State of Missouri.

4. Upon information and belief, all other defendants are citizens of the United States of America.

5. At all relevant times, defendants were acting under the color of State law.

6. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper pursuant to 28 U.S.C. § 1991.

PARTIES

8. At all relevant times, plaintiff was an inmate confined within various facilities of the Missouri Department of Corrections ("D.O.C.").

9. Defendant Corizon Medical Services, is now and was at all times herein mentioned a duly organized Tennessee Corporation

with its principal place of business in the State of Missouri and which at all times herein mentioned acted by and through its respective agents, servants, and employees, including J. Cofield, T. Bredeman, John Doe, D. Wade, A. Renee, A. Chada, Smotherman, K. Barton, Stevenson, T. Crouch, P. Allen, and R. Oakley, acting at all times within the course and scope thereof.

10. Defendant D. Meyer, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed physician employed by Corizon as Director of Corizon Medical Services.

11. Defendant J. Cofield, is sued in his individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed physician employed by Corizon as Director of Operations and Constituent Services.

12. Defendant T. Bredeman, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed physician employed by Corizon as Associate Regional Medical Director.

13. Defendant John Doe, is sued in his individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed physician employed by the State of Missouri as Doctor for the Department of Corrections.

14. Defendant D. Wade, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a Registered Nurse employed by Corizon as BSN/RN/CCHP.

15. Defendant A. Renee, is sued in her individual and

official capacity and at all times relevant to this matter was, upon information and belief, a Registered Nurse, employed by Corizon Medical Services.

16. Defendant A. Chada, is sued in his individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed physician employed by Corizon Medical Services.

17. Defendant Smotherson, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed Nurse Practitioner employed by Corizon Medical Services.

18. Defendant K. Barton, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a Registered Nurse, employed by Corizon Medical Services as the Director of Nurses.

19. Defendant Stevenson, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed physician employed by Corizon Medical Services.

20. Defendant T. Crouch, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a licensed Nurse Practitioner, employed by Corizon Medical Services.

21. Defendant P. Allen, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a Registered Nurse employed by Corizon as Director of Nurses.

22. Defendant R. Oakley, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, a Registered Nurse, employed by Corizon Medical Services as Assistant Director of Nurses.

23. Defendant A. Precythe is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, employed by the State of Missouri as Director of the Missouri Department of Corrections.

24. Defendant M. Buckner, is sued in her individual and official capacity and at all times relevant to this matter was, upon information and belief, employed by the Department of Corrections as Warden of the South Central Correctional Center.

25. Defendant D. Redington, is sued in his individual and official capacity and at all times relevant to this matter was, upon information and belief, was employed by the Missouri Department of Corrections as Warden of the Northeast Correctional Center.

GENERAL ALLEGATIONS

26. In May of 2019, while being housed at the South Central Correctional Center ("SCCC"), plaintiff started experiencing pain in his groin area and sought medical treatment.

27. On May 17, 2019, plaintiff attended SCCC's Nurse Sick Call regarding the severe pain in his groin. Plaintiff was seen by Nurse Becky, who told plaintiff that it looked like he (plaintiff) had a hernia. Plaintiff was then sent back to the Housing unit, with no further medical treatment.

28. On June 17, 2019, while still being housed at SCCC,

plaintiff was forced to declare a medical emergency (self-declare) after experiencing sever pain in his growing making it very difficult to function.

29. Plaintiff was seen again by Nurse Becky who became rude and very indignant toward plaintiff, and once again, told plaintiff that he (plaintiff) had a hernia. Without any further medical instructions and/or treatment, told plaintiff to go back to his Housing Unit and lay down and the pain would stop.

30. Plaintiff asked Nurse Becky if she thought he (plaintiff) should see a doctor and try to get surgery to fix the hernia, and Nurse Becky told plaintiff that he (plaintiff) didn't want surgery, because the surgery would make the hernia worse than it already is. She then sent plaintiff back to his housing unit with no further medical instructions, or treatment.

31. On June 26, 2019, plaintiff went to SCCC's Sick Call and was seen by Nurse Jill, who examined plaintiff. Although Nurse Jill didn't notice plaintiff's hernia, she put plaintiff in to see the Doctor. Plaintiff returned to his Housing Unit with no further medical instructions and/or treatment.

32. On July 23, 2019, plaintiff was seen by defendant Smotherman. After examining plaintiff, Smotherman told plaintiff that he in fact had a hernia, and that she would order plaintiff a truss.

33. On August 8, 2019, plaintiff was called to medical and saw Nurse Marley, who told plaintiff that someone in Jefferson City, denied the request for plaintiff's truss.

34. On August 26, 2019, plaintiff was seen by defendant



~~plaintiff asked~~

Dr. Chada. Once in defendant Chadas' office, plaintiff asked defendant Chada if they were going to send plaintiff out for surgery. Defendant Chada started laughing at plaintiff and called plaintiff a fool for thinking they would send him (plaintiff) out for surgery, or that he (Chada) would even recommend surgery.

35. After being ridiculed, and without any examination of the plaintiff, defendant Chada, told plaintiff there was nothing that could be done about the hernia other than to rest, and plaintiff was returned to his Housing Unit with no further treatment.

36. On August 27, 2019, plaintiff was transferred from SCCC, to the Northeast Correctional Center ("NECC").

37. On August 28, 2019, plaintiff went to NECC's sick call and was seen by Nurse Griffin, who examined plaintiff and told plaintiff that he (plaintiff) defiantly had a hernia, and put plaintiff in to see a Doctor.

38. On August 28, 2019, plaintiff was examined by defendant T. Crouch. After the examination, defendant Crouch prescribed plaintiff with a large truss, and ibuprofen.

39. Plaintiff asked defendant Crouch if she was going to put plaintiff in for surgery.

40. Defendant Crouch told plaintiff that she would not recommend surgery, because it is extremely difficult to get approved for surgery. She then told plaintiff to get his family involved, it might make a difference.

41. On October 4, 2019, plaintiff went to Nurse Sick Call and saw Nurse Kelly. Plaintiff told Nurse Kelly that he

(plaintiff) was in severe pain, and that the ibuprofen wasn't helping with the hernia pain.

42. Nurse Kelly put plaintiff in to see a Doctor.

43. On October 22, 2019, plaintiff was seen again by defendant T. Crouch.

44. Plaintiff told defendant T. Crouch that he (plaintiff) was in severe pain and the ibuprofen wasn't working.

45. Defendant T. Crouch told plaintiff that she was there to generally "monitor" plaintiff's hernia, and other than that, there was nothing else she could do.

46. On November 22, 2019, Plaintiff went to Nurse Sick Call and told Nurse Kelly that his (plaintiff's) hernia belt had broken, and was causing jock itch.

47. Plaintiff was put in to receive a new hernia belt and was given some cream for jock itch.

48. On November 25, 2019, plaintiff received a new hernia belt, and was told that plaintiff would not receive surgery to fix his hernia because Jefferson City simply wouldn't approve it.

COUNT I

42 U.S.C. § 1983

CRUEL AND UNUSUAL PUNISHMENT ARISING OUT OF DELIBERATE INDIFFERENCE TO PLAINTIFF'S NEED FOR MEDICAL TREATMENT AGAINST DEFENDANTS CORIZON, PRECYTHE, BUCKNER, MEYER, COFIELD, BREDEMAN, JOHN DOE, A. RENEE, CHADA, SMOTHERMAN AND BARTON.

49. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 48.

50. Defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton failed to inspect plaintiff's hernia daily and/or regularly to insure it was not becoming infected or developing into a more serious non-reducible hernia.

51. Furthermore, defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton failed to provide plaintiff with a hernia truss for for more than 120 days after being diagnosed with a hernia despite the known risks of the hernia worsening, causing plaintiff to become bed ridden for more than 120 days.

52. Defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton failed to take the necessary steps to provide plaintiff with even temporary relief from the severe pain caused by his hernia by providing plaintiff with a lay-in (work and activity restrictions), limiting the amount of weight plaintiff should lift, the amount of exercise plaintiff should receive and the amount of time plaintiff should be required to stand.

53. Defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton failed to consult with a physician immediately after plaintiff complained of a large increase in pain, despite the danger signs of plaintiff's hernia worsening.

54. Defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton failed to request that plaintiff receive hernia surgery knowing that

surgery was the only cure for the hernia, and that failing to do so would most certainly result in the hernia getting worse.

55. As a result of defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton acts and/or omissions, plaintiff has been damaged in that plaintiff's hernia has become worse; plaintiff has been forced to endure severe pain that is debilitati to the worsening of plaintiff's hernia.

56. Defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton acts and/or omissions demonstrated a wanton, willful and deliberate indifference to plaintiff's medical needs, in violation of plaintiff's Eighth Amendment right as applied to the States by the Fourteenth Amendment to the United States Constitution to be free from cruel and unusual punishment while incarcerated in the Mo.DOC.

57. Defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton acted with malice and deliberate indifference to plaintiff's Constitutional rights, and such acts and/or omissions were willful, wanton, outrageous and reckless, thus giving rise to punitive damages.

58. By reason of 42 U.S.C. § 1988, plaintiff is entitled to his reasonable attorneys' fees and cost incurred herein.

WHEREFORE, plaintiff prays judgment against defendants Precythe, Buckner, Corizon, Meyer, Cofield, Bredeman, DR. John Doe, Renee, Chada, Smotherman and Barton for actual damages,

pain and suffering, punitive damages, attorneys' fees and costs as provided by law, and for such other relief in equity and in law as this Court deems just and proper.

COUNT II

42 U.S.C. § 1983

CRUEL AND UNUSUAL PUNISHMENT ARISING OUT OF DELIBERATE INDIFFERENCE TO PLAINTIFF'S NEED FOR MEDICAL TREATMENT AGAINST DEFENDANTS CORIZON, PRECYTHE, REDINGTON, STEVENSON, CROUCH, OAKLEY, ALLEN, BREDEMAN, COFIELD, DR. JOHN DOE, MEYER, AND WADE.

59. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-59.

60. On or about August 28, 2019, plaintiff was experiencing severe pain resulting from the untreated hernia, and sought treatment by Corzon Medical personal at N.E.C.C.

61. On September 11, 2019, plaintiff was seen by defendant T. Crouch regarding plaintiff's hernia.

62. Defendant T. Crouch told plaintiff that the only way hernia surgery would ever get approved by "the powers that be" in Jefferson City was if plaintiff got his family involved, and that may not even work, as such, she (Crouch) couldn't recommend surgery, but could provide plaintiff with a truss to held ease the pain.

63. On October 4, 2019, plaintiff attended Nurse Sick Call complaining that the ibuprofen prescribed for plaintiff's hernia pain was not working and that plaintiff was experiencing severe pain in his groin area.

64. On October 22, 2019, plaintiff was seen by defendant

T. Crouch regarding plaintiff's groin pain, and plaintiff's continued request for surgery.

65. Defendant Crouch told plaintiff that defendants Wade, Allen, and Oakley, along with the "powers that be" in Jefferson City (Defendants Meyer, Cofield, Dr. John Doe, and Bredeman) told her (Crouch) that surgery would not be approved, and that she (Crouch) was to do nothing more than "monitor" the hernia in general, and nothing more including putting plaintiff in to see a doctor, but that she (Crouch) could increase the dosage of ibuprofen.

66. Defendants Corizon, Meyer, Cofield, Dr. John Doe, Bredeman, Predythe, Redington, Stevenson, Crouch and Wade, acts and/or omissions demonstrated a wanton, willful and deliberate indifference to plaintiff's medical needs, in violation of plaintiff's Eighth Amendment right as applied to the States by the Fourteenth Amendment to the United States Constitution to be free from cruel and unusual punishment while incarcerated in the MoDOC.

67. Defendants Corizon, Meyer, Cofield, Dr. John Doe, Bredeman, Predythe, Redington, Stevenson, Crouch and Wade, acted with malice and deliberate indifference to plaintiff's Constitutional rights, and such acts and/or omissions were willful, wanton, outrageous and reckless, thus giving rise to punitive damages.

68. By reason of 42 U.S.C. § 1988, plaintiff is entitled to his reasoable attorneys' fees and costs incurred herein.

WHEREFORE, plaintiff prays judgment against defendants

Corizon, Meyer, Cofield, Dr. John Doe, Bredeman, Predythe, Redington, Stevenson, Crouch and Wade for actual damages, pain and suffering, punitive damages, attorneys' fees and costs as provided by law, and for such other relief in equity and in law as this Court deems just and proper.

COUNT III

42 U.S.C. § 1983

CRUEL AND UNUSUAL PUNISHMENT ARISING OUT OF DELIBERATE INDIFFERENCE TO PLAINTIFF'S NEED FOR MEDICAL TREATMENT AGAINST DEFENDANT CORIZON MEDICAL SERVICES.

69. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 70.

70. At all times relevant herein, defendant Corizon acted under color of State law.

71. Upon information and belief, defendant Corizon maintained unconstitutional customs, policies and/or practices including, but not limited to:

a. failing to provide appropriate medical treatment to inmates;

b. failing to establish policies and guidelines for monitoring medical treatment for inmates to insure prescribed treatment is delivered as prescribed;

c. failing to resolve medical conditions of inmates before returning them to their housing units;

d. failing to send inmates out for surgery for emergency medical conditions;

e. failing to arrange for appropriate diagnostic testing

for inmates.

f. failing to establish policies for physician review of inmates medical emergencies and chronic conditions;

g. failing to approve recommended treatment procedures by individuals who haven't seen or examined the inmate;

h. failing to discipline its agents for acts of deliberate indifference toward the medical needs of inmates.

72. The defendants complained of in Counts I through II, herein acted pursuant to official Corizon policies, customs and/or practices.

73. Said policies, customs and/or practices of defendant Corizon violated plaintiff's Eighth Amendment rights as applied to the States by the Fourteenth Amendment to the United States Constitution to be free from cruel and unusual punishment while incarcerated in the Mo.DOC, and these official policies, customs and/or practices are responsible for plaintiff being denied Constitutionally adequate medical care.

74. Defendant Corizon acted with malice and deliberate indifference to plaintiff's Constitutional rights, and such acts and/or omissions were willful, wanton, outrageous and reckless, thus giving rise to punitive damages.

75. By reason of 42 U.S.C. § 1988, plaintiff is entitled to his reasonable attorneys' fees and costs incurred herein.

WHEREIN, plaintiff prays judgment against Corizon for actual damages, pain and suffering, punitive damages, attorneys' fees and costs as provided by law, and for such other relief in equity and in law as this Court deems just and proper, including but

not limited to the following:

Award compensatory damages in the following amounts:

1. $250,000 jointly and severally against defendants Corizon, Meyer, Cofield, Bredeman, Dr. John Doe, Renee, Wade, Chada, Smotherman, Barton Stevenson, Crouch, Allen, Oakley, Precythe, Buckner and Redington, for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

2. Award punitive damages in the following amounts:

1. $50,000 each against defendants Corizon, Meyer, Cofield, Bredeman, Dr. John Doe, Renee, Wade, Chada, Allen, and Oakley.

2. $20,000 against defendants Smotherman, Barton Stevenson, Crouch, Precythe, and Redington.

3. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

Akira Edmonds

Akira Edmonds, #1303981

Northeast Correctional Center

13698 Airport Road

Bowling Green, Missouri 63334