UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AKIRA EDMONDS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-cv-946-SNLJ |
| CORIZON MEDICAL SERVICES, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff filed this 42 U.S.C. § 1983 action against defendants Corizon, LLC, Ashock Chada, M.D., Joule N. Steveneson, M.D., and Tamara Crouch, NP regarding treatment of his hernia complaints. Plaintiff most recently filed a second amended complaint claiming violation of his Eighth and Fourteenth Amendment rights [Doc. 34]. Defendants have moved to dismiss the Fourteenth Amendment claims from plaintiff's complaint. [Doc. 35.] Plaintiff has not responded, and the time for doing so has passed.

A complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the facts asserted by the plaintiff "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Carton v. Gen. Motor Acceptance Corp.*, 611

1

F.3d 451, 454 (8th Cir. 2010) (citing *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009)).

The substance of plaintiff's allegations are that defendants violated his Eighth Amendment rights to be free from cruel and unusual punishment when they were allegedly deliberately indifferent to plaintiff's serious medical needs. Plaintiff appears to invoke the Fourteenth Amendment not because plaintiff believes his due process rights or equal protections rights were violated, but because he acknowledges that the Eighth Amendment is made applicable to the States through the Due Process Clause of the Fourteenth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 296-297 (1991). Each of plaintiff's three counts refer to the "cruel and unusual punishment and improper medical care" and "deliberate indifference." Notably, again, plaintiff has not responded or otherwise objected to dismissal of his Fourteenth Amendment claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss plaintiff's Fourteenth Amendment claims [Doc. 35] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims are DISMISSED.

So ordered this 23rd day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE