## UNITED STATES DISTR  ICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

AKIRA EDMONDS,                          )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )          Case No. 4:20-cv-946-SNLJ
                                        )
CORIZON MEDICAL SERVICES, *et al.*,)
                                        )
          Defendants.                   )

## MEMORANDUM AND ORDER

Plaintiff filed this 42 U.S.C.  § 1983 action against defendants Corizon, LLC, Ashock Chada, M.D., Joule N. Stevenson, M.D., and Tamara Crouch, NP regarding treatment of his hernia complaints.  Plaintiff has filed a motion to compel [Doc. 40]. Defendants have responded, but plaintiff has not filed a reply memorandum, and the time for doing so has passed.

Plaintiff requests that the Court "compel any and all documents, names, Information thats been provided by Defendants." [Doc. 41 at 1.] Plaintiff "object[ed] to discovery that was provided by Defendants" and stated that he needs "all H.S.R., or M.S.R.'s any and all data base and history of medical records before and after the surgery." [*Id.*]  Plaintiff's supplement to his motion to compel six days later states that he objected to defendants' responses to his requests for production of documents. [Doc. 41.] Plaintiff asserts that defendants failed to provide him "with the appropriate documents." [*Id.* at 2.]

1

First, the Court notes that a party moving to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  This Court will not consider any such motion unless it contains a statement that counsel "has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D. Mo. L.R. 3.04(A). Inmates are not exempt from this rule.  *See Davis v. Webb*, No. 4:11-cv-1906-JAR, 2013 WL 1867108, at *1 (E.D. Mo. May 2, 2013) (citing *Faretta v. California*, 422 U.S. 806, 934-35 n.46 (1975)).

Plaintiff included no such certification.  Therefore, this Court should not consider the matter further.  However, even if the Court were to consider plaintiff's motion on its merits, it is entirely unclear how defendants' discovery responses have been deficient. Defendants explain that they have provided plaintiff with over two years of medical records, including the documents plaintiff requested in his motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. 40] is DENIED.

So ordered this 2nd day of February, 2022.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2